OPINION
{¶ 1} Scott Cooper appeals from a judgment for Two-Thousand, Four-Hundred Seventy-Six Dollars ($2,476) rendered against him and in favor of Robert Cain in the Small Claims Division of the Miamisburg Municipal Court.
 {¶ 2} The parties appear here pro se, as they did in the trial court.
 {¶ 3} The magistrate heard the evidence and rendered judgment as indicated above. *Page 2 
Cooper filed an "appeal" which the trial court treated as objections. The trial court overruled the objections because Cooper had not supported the objections with a transcript. Civ.R. 53(D)(3)(b)(iii).
 {¶ 4} Cooper has not advanced an assignment of error but appears to primarily contend that the judgment is against the manifest weight of the evidence. He also claims Cain listed an incorrect address on the small claims complaint to impede his trial preparation, that Cain perjured himself, and that the magistrate did not hear his witnesses.
 {¶ 5} As to whether the judgment is against the manifest weight of the evidence, Cooper has waived that contention by not properly objecting to the magistrate's decision. Civ.R 53(D)(3)(b)(iv).
 {¶ 6} We have, however, reviewed the transcript of the magistrate hearing which Cooper ordered and filed after the trial court had overruled his objections and rendered final judgment.
 {¶ 7} Cain testified that Cooper owed him One-Thousand, Nine-Hundred Seventy-One and 48/100 Dollars ($1,971.48) for back rent and Five Hundred Dollars ($500) for a car loan, and that the claim for rent took into account credits for work Cooper did on Cain's rental properties. Cain supported his testimony with documentary evidence. Cooper testified that the value of his work on Cain's property eclipsed what Cain claimed Cooper owed him, but that he had no records or specific information about the "phenomenal number" of hours he worked for Cain. Were we to reach the issue, we would be constrained to determine that the judgment is not against the manifest weight of the evidence in what was a credibility call for the magistrate and trial court. We do find, however, that the amount of the judgment should be Two-Thousand, *Page 3 
Four-Hundred Seventy-One and 48/100 Dollars ($2,471.48), not Two-Thousand, Four-Hundred Seventy-Six Dollars ($2,476).
 {¶ 8} Turning to Cooper's other assertions, it is true that the complaint contained an incorrect address but the record does not support Cooper's assertion that Cain misaddressed the complaint to frustrate Cooper's trial preparation. The accusation of perjury is unfounded. The transcript does not show that the magistrate refused to hear Cooper's witnesses. Cain concedes in his brief that Cooper had witnesses present who did not testify. Cain contends these witnesses could only testify to what Cain admitted: that Cooper worked on his properties. Absent any proffer as to what else these witnesses would have said, we can find no prejudice.
 {¶ 9} The judgment will be modified to reflect a principal amount of Two-Thousand, Four-Hundred Seventy-One and 48/100 Dollars ($2,471.48) and, as modified, the judgment will be affirmed.
 FAIN, J. and GRADY, J., concur. *Page 1